UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR ANDERSON, | No. 2:15-cv-01045 AC P |
| Petitioner, | |
| v. | ORDER and |
| CALIFORNIA BOARD OF PRISON TERMS, | FINDINGS AND RECOMMENDATIONS |
| Respondent. | |

On May 15, 2015, petitioner filed a "Motion for Emergency Release Under Three Judge Court," designated by the Clerk of Court as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has not submitted an in forma pauperis application or the filing fee to commence this action. This action is referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), Local Rule 302(c), and Local General Order No. 262.

Review of petitioner's motion and attached exhibits, and review of the Inmate Locator Website operated by the California Department of Corrections and Rehabilitation (CDCR),[1] indicates that petitioner is 75 years of age, and has been incarcerated under the authority of CDCR since 1963. Petitioner is currently incarcerated at High Desert State Prison. Petitioner

---

[1] See http://inmatelocator.cdcr.ca.gov/. This Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201; see also City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").

1

1  states that he is "totally disabled" and "medically incapacitated," and that his medical challenges
2  include mobility and vision impairments and throat cancer.  Review of the California Appellate
3  Court Case Information website[2] indicates that petitioner has not challenged a matter in the
4  California Court of Appeal or California Supreme Court since 2012.  Petitioner requests issuance
5  of an order granting his motion for emergency release by the Three-Judge Court assigned to the
6  class actions Coleman v. Brown, Case No. 2:90-cv-00520 KJM DAD P, and Plata v. Brown, Case
7  No. C01-1351 TEH.

        Federal habeas relief is available "only on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).  This "in custody" requirement is jurisdictional and requires that the matter challenged by a federal habeas petition be premised on a claim that petitioner's "custody offends federal law."  Bailey v. Hill, 599 F.3d 976, 979 (9th Cir. 2010).  Rule 4 of the Rules Governing Section 2254 Cases authorizes a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

        Petitioner has asserted no basis for this court's habeas jurisdiction.  Rather, petitioner appears to be challenging the refusal of prison authorities to parole petitioner pursuant to California's "Elderly Prisoner Parole Program."  However, "[t]here is no right under the Federal Constitution to be conditionally released before the expiration of a valid sentence, and the States are under no duty to offer parole to their prisoners."  Swarthout v. Cooke, 562 U.S. 216, 220 (2011) (citing Greenholtz v. Inmates of Nebraska, 442 U.S. 1, 7 (1979)).  Because petitioner's challenge does not state a federal habeas claim, this action should be dismissed.  Petitioner may direct his papers to the Prison Law Office, at General Delivery, San Quentin CA 94964.  See "Information re:  Elderly Prisoner Parole," issued January 2015 by the Prison Law Office, at p. 2 ("If you are an eligible lifer and think the elder parole program is not being fairly applied to you,

////

---

[2] See http://appellatecases.courtinfo.ca.gov/index.html.  This court may take judicial notice of its own records and the records of other courts.  See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201.

please write us.  We will read your letter and consider whether we can help."). [3]

Accordingly, IT IS HEREBY ORDERED that the Clerk of Court is directed to randomly assign a district judge to this action.

Further, IT IS RECOMMENDED that this action be dismissed without prejudice for lack of jurisdiction, see Rule 4, Rules Governing Section 2254 Cases.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty-one days after being served with these findings and recommendations, petitioner may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 19, 2015

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

---

[3] See http://www.prisonlaw.com/research.php.